# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 6251 | **DATE** | 10/30/2003 |
| **CASE TITLE** | Dillard vs. Barnhart | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] This matter is before the court on Plaintiff Everlean Dillard's motion for summary judgment [14-1] and on defendant Jo Anne B. Barnhart's motion for summary judgment [21-1]. For the reasons stated on the attached memorandum opinion, the Court hereby denies both motions and remands this case back to the Commissioner of Social Security to proceed in accordance with the memorandum opinion attached to this minute order. Enter Memorandum Opinion. Terminating case.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | OCT 3 1 2003 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 97 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | OCT 3 1 2003 | |
| MW | courtroom deputy's initials | 03 OCT 30 AM 11:52 date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| EVERLEAN DILLARD,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>JO ANNE B. BARNHART,  )<br>Commissioner of Social Security,  )<br>)<br>Defendant.  ) | No. 02 C 6251 |

DOCKETED
OCT 3 1 2003

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff Everlean Dillard's ("Dillard") motion for summary judgment and on Defendant Jo Anne B. Barnhart's ("SSA") motion for summary judgment. For the reasons stated bellow we deny both motions and remand this case to the Social Security Administration to proceed in accordance with this opinion.

## BACKGROUND

Dillard, is approximately 37 years old and has a tenth grade education. On May 22, 2000, she applied for Supplemental Security Income (SSI) alleging that she was disabled. Dillard claimed that she was disabled because she had pain in her feet and legs, arthritis in her legs, numbness in her hands, shortness of breath, chest pain, hypertension, stomach pain, headaches, high blood pressure, muscle spasms, and asthma. Dillard claimed that she took a variety of prescription medications for her ailments. She also claimed that she could only walk for about five minutes before needing a rest, could lift 15-20 pounds, and experienced swelling in her feet.

1

Dillard also claimed that her symptoms were exacerbated by the fact that she was overweight. In addition, Dillard claimed that she sometimes felt like something was crawling in her head. At a hearing for her SSI application a vocational expert ("VE") testified that Dillard was only able to perform light work and the Administrative Law Judge ("ALJ") denied Dillard's claim on the basis that Dillard could perform light work. The Appeals Council subsequently denied Dillard's request for a review. Dillard is asking this court to review the ALJ's ruling.

## LEGAL STANDARD

A reviewing court will uphold an ALJ's decision if it is supported by "substantial evidence" in the record and the ALJ applied the correct legal standards. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000). Deference should be given to an ALJ's determinations relating to credibility and should be reversed only if the determinations are "patently wrong." *Powers v. Apfel*, 207 F.3d 431, 435 (7th Cir. 2000)(quoting *Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990)). However, an ALJ must provide some explanation that would allow the parties to understand his reasoning for his decision. *See Clifford*, 227 F.3d at 872 (stating that an ALJ "must build an accurate and logical bridge from the evidence to his conclusion.").

## DISCUSSION

Dillard argues that we should remand this case to the ALJ because Dillard was not represented by counsel at the ALJ hearing and because the ALJ failed to fully develop the record. A claimant has a right to the assistance of counsel at a Social Security Act disability hearing. 42 U.S.C. § 406; *Thompson v. Sullivan*, 933 F.2d 581, 584 (7th Cir. 1991). A claimant can waive the right to counsel if he is informed of his right to counsel and he is provided with sufficient information to enable him to make an informed decision whether or not to proceed *pro*

*se* at the hearing. *Id.* In order for a court to give proper notice to a claimant of his right to counsel the court must do the following: 1) explain to the claimant how an attorney could be of assistance to him, 2) explain the possibility that counsel may provided to the claimant free of cost or that the claimant may be willing to work out a contingency agreement, and 3) inform the claimant of the statutory limitation on attorney's contingent fees in such cases. *Id.* Even if a claimant did not receive adequate notice of his right to counsel at the hearing before the ALJ the claimant is not entitled to a remand to the ALR on that basis alone unless the ALJ failed to develop a "full and fair record." *Binion v. Shalala*, 13 F.3d 243, 245 (7th Cir. 1994). The SSA bears the burden of establishing that the ALJ developed a full and fair record. *Id.* If the SSA meets that burden then the claimant can rebut the SSA's showing by establishing that the claimant suffered a prejudice or that there is an evidentiary gap. *See id.* (indicating that a failure to "elicit . . .all of the relevant information from the claimant" would be sufficient to establish prejudice).

In this case Dillard was not represented by counsel at the hearing before the ALJ. At the beginning of the hearing the ALJ made reference to a letter sent to Dillard and the ALJ indicated that the letter told Dillard that she had a right to be represented at the hearing by counsel. The ALJ then said to Dillard: "I see that you're here today unaccompanied by a representative. Can I conclude from that that it is your wish to proceed with the hearing without representation?" (AR 22). Dillard responded: "uh-huh." The ALJ then proceeded onward with the hearing without an further inquiry as to whether Dillard waived her right to counsel.

Although, the ALJ made reference to Dillard's right to counsel at the hearing, the ALJ did not adequately explain to Dillard how counsel could assist her or that she could get counsel free of charge or on a contingency basis. The letter sent to her prior to the hearing did not relieve the ALJ of his obligation to properly notify Dillard of her right at the hearing. Also, we have no way

3

of knowing whether she understood what was in the letter because her only response after a mention of the letter was: "uh-huh." Also, the letter did not inform Dillard of her right to counsel. It merely told her under a heading entitled "You May Choose To Have a Person Represent You" that she could have a representative with her at the hearing if she desired and that she should make the appropriate arrangements. The letter also failed to provide the notifications required under *Thompson*. Thus, since the ALJ failed to properly notify Dillard of her right to counsel we must inquire as to whether the ALJ developed a full and fair record and as to whether there were gaps in the evidentiary record.

First of all Dillard presented a myriad of physical ailments to the ALJ. After only a minimal amount of testimony from Dillard and the VE the ALJ concluded that Dillard was able to perform light work and that there is such work available. In light of all the treating physicians and separate diagnoses involved in this case, the testimony of a medical expert would have assisted the ALJ to develop the record. Also, Dillard clearly was unable to competently present her medical evidence and there are gaps in the medical evidence, such as treatment records that were not considered by the ALJ, that probably would have been filled if she had been represented by counsel. Thus the ALJ failed to adequately evaluate Dillard's physical ailments. Dillard also stated at the hearing that sometimes she felt as though things were crawling in her head and the ALJ failed to adequately develop the record in regards to any possible mental ailments suffered by Dillard. *See Binion*, 13 F.3d at 245 (stating that the ALJ must investigate possible disabilities and uncover all relevant evidence pertaining to possible disabilities). The ALJ also failed to properly address how Dillard's obesity might exacerbate her conditions. The ALJ had a responsibility to delve further into all of the above issues in order to make an informed decision, particularly in light of the fact that Dillard was not represented by counsel. *Id.* (stating that if a claimant is unrepresented then the ALJ has a duty to "scrupulously and conscientiously . . . probe

4

into, inquire of and explore for all of the relevant facts")(quoting *Smith v. Sec'y of Health Educ., & Welfare*, 463 F.2d 38, 43 (2d Cir. 1972)).

After the minmal amount of testimony from Dillard and the VE the ALJ made his conclusion without providing an explanation for his ultimate denial. The ALJ simply noted in a conclusory fashion that Dillard could perform work that is at the "light unskilled exertional level." (AR 14). The ALJ concluded that Dillard can get a job as a housekeeper as she has in the past. However, the ALJ also stated that since the onset of Dillard's ailments her housekeeping work has not resulted in "substantial gainful activity" and in fact Dillard testified at the hearing that she had to quit housekeeping jobs in the past because she was not physically capable of performing the tasks necessary for the job. The ALJ's ruling failed to explain these inconsistencies and raised more questions than answers.

The ALJ also inquired into Dillard's past "work" as a foster parent. However, Dillard was a foster parent for her younger siblings. Had the ALJ investigated further into Dillard's past situation and investigated into what is involved with being a foster parent for children that are not biologically related to a person he would have discovered how demanding being a foster parent can be both physically and mentally. For instance, most foster children have emotional and or physical problems and a foster parent must be able to nurture a foster child, knowing that the child may be returned to his or her natural parents. Thus the ALJ failed to properly inquire into this issue as well.

## CONCLUSION

Based on the foregoing analysis we remand this case to the ALJ to proceed in accordance with this opinion.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: OCT. 30, 2003